IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIIREEN AZIZI JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02039-X (BT) |
| | § | |
| LEW STERRITT COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is the third of at least three lawsuits *pro se* Plaintiff Hiireen Azizi Jones filed when he was a pretrial detainee at the Dallas County Jail. *See Jones v. Parkland Hosp. et al.*, Case No. 3:23-cv-1649-S-BN (N.D. Tex.) (filed July 25, 2023); *Jones v. Dallas County Hosp. District- Parkland Police Department*, Case No. 3:23-cv-1839-S-BN (N.D. Tex.) (filed Aug. 15, 2023). In this case, Jones alleges that he contracted food poisoning while he was incarcerated at the Dallas County Jail. ECF No. 3 at 4. He suffered chills, vomiting, and diarrhea, and he had to wait almost a day to see the nurses. ECF No. 3 at 4. When he did see the nurses, they gave him clean clothes, Imodium AD, and Tylenol before sending him back to his cell. ECF No. 3 at 4. The nurses did not draw his blood or perform any medical tests. ECF No. 3 at 4. Based on this conduct, Jones sues the "Lew Sterritt County Jail"

(referred to herein as the Dallas County Jail) under 42 U.S.C. §1983, seeking $50,804 in damages to compensate him for his pain and suffering and the lack of concern shown to him by the jail medical staff. ECF No. 3 at 4. For the following reasons, the Court should dismiss this civil action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.[1]

## Legal Standards

Because Jones was incarcerated when he filed this action, *see* ECF No. 3 at 3, his case is subject to preliminary screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act (PLRA). *See Sutherland v. Akin*, 2021 WL 462103, at *5 n.2 (N.D. Tex. Feb. 9, 2021) ("Because Sutherland was a 'prisoner' as defined under § 1915A(c) at the time he filed this lawsuit, the screening provisions apply despite his subsequent release.") (citing *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997)). Section 1915A provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

---

[1] Jones's two other § 1983 cases were dismissed in September 2023 under § 1915A for failure to state a claim upon which relief may be granted.

seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Jones's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Jones fails to state a claim.

3

**Analysis**

1. <u>Jones's claims against the Dallas County Jail should be dismissed because the jail is a non-jural entity</u>.

Jones names the Dallas County Jail as the sole defendant. ECF No. 3 at 3. But a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)("[U]nless the true political entity has taken explicit steps to grant the servient agency jural authority, the agency cannot engage in any litigation except in concert with the government itself."). And the jail is not a proper defendant with a jural existence. *Lindley v. Bowles*, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is a nonjural entity); *Pantoja v. Dallas County Jail*, 2001 WL 1343437, at *2 (N.D. Tex. Oct. 31, 2001) (concluding that neither the Dallas County Jail nor its medical staff and medical department are separate legal entities subject to suit under § 1983). Because the Dallas County Jail is a nonjural entity, and because the jail is the only entity that Jones sued, the Court should dismiss Jones's claims against the sole defendant named in the complaint. *Wilson v. Dallas Cnty. Jail*, 2022 WL 1176749, at *2 (N.D. Tex. Mar. 16, 2022) (Rutherford, M.J.), *rec. accepted*, 2022 WL 1173802 (N.D. Tex. Apr. 20, 2022).

However, as explained below, even if Jones had identified a proper defendant, he still fails to state a claim.

2. <u>Jones fails to state a medical indifference claim</u>.

Jones alleges that he contracted food poisoning and waited almost a day for medical attention. When he finally did get to the clinic, the nurses sent him away with only over-the-counter medications and without drawing his blood or doing other testing. The Court liberally construes these allegations as an attempt to bring a claim for deliberate indifference to his serious medical needs.

To establish such a claim, Jones must be able to show he was denied appropriate medical care and that denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A defendant acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A plaintiff can show deliberate indifference in this context by showing that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* at 838. On the other hand, unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with

his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). A delay in medical care constitutes a constitutional violation only if there was deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Jones's complaints about the care that he received establish only a disagreement with his medical treatment or, at most, negligence—neither of which demonstrates deliberate indifference. *See Alverez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.") (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009)); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent extraordinary circumstances.") (citations omitted).

As for the allegations that the medical staff delayed treatment, Jones has failed to allege that he suffered any substantial harm because of the alleged delay, and that is fatal to his claim. *Mendoza*, 989 F.2d at 195

("Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.").

Thus, whether premised on a disagreement with medical treatment or a delay in medical treatment, Jones fails to state a claim for deliberate indifference to his medical needs.

3. <u>Jones fails to allege a physical injury under the PLRA, so he is not entitled to compensatory damages.</u>

Jones's medical indifference claim also fails under the PLRA's physical injury requirement, which prevents a prisoner[2] from seeking monetary damages to compensate for emotional or mental injury without a prior showing of a physical injury. *See* 42 U.S.C. § 1997e(e). This physical injury requirement applies to deliberate indifference claims. *See*, *e.g.*, *Eason v. Frye*, 972 F. Supp. 2d 935, 946-47 (S.D. Miss. 2013) (applying PLRA physical injury requirement to medical indifference claims of pretrial detainee); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("Previously, however, we have applied the PLRA's physical injury requirement to bar recovery of compensatory damages for mental and emotional injuries (absent physical injury) in Eighth Amendment cases.").

---

[2] Because Jones was a prisoner when he filed this action, the physical injury requirement applies to his claims even though he is no longer incarcerated. *See*, *e.g.*, *Sutherland v. Akin*, 2021 WL 4197239, at *4 (N.D. Tex. Sept. 15, 2021).

Here, Jones seeks compensatory damages for the pain and suffering he experienced because of medical indifference. But he does not allege a physical injury caused by the alleged indifference. Thus, the PLRA bars his claim for compensatory damages—the only kind of relief that he seeks.

In sum, Jones fails to state a medical indifference claim, but even if he could state such a claim, the PLRA bars his claim for compensatory damages in relation to that claim because he does not allege a physical injury.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768.

The time to file objections to this recommendation (further explained below) allows Jones an opportunity to show the Court that this case should not be dismissed with prejudice at this time—that is, that he has not pleaded his best case—and that the Court should instead grant him leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended

8

complaint nor explain how the defects could be cured, a district court may deny leave.").

If Jones fails to show that further leave to amend should be granted, the Court should dismiss this case with prejudice.

## Conclusion

The Court should DISMISS Jones's civil action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) with prejudice unless, within the time to file objections, Jones shows a basis to grant leave to further amend the complaint. The dismissal of this case will count as Jones's third "strike" for purposes of 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED**.

April 9, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[3] The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson,* 475 F.3d 261, 265 (5th Cir. 2017). The three-strikes provision of § 1915(g) applies to this case even though Jones was released from custody after he filed it. *See Mendoza v. Atwell,* 2020 WL 8514099, at *1 n.1 (S.D. Tex. Sept. 21, 2020), *rec. accepted,* 2021 WL 514306 (S.D. Tex. Feb. 11, 2021).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).